SUMMARY ORDER
Petitioner-Appellant Jeffrey Young appeals from the judgment of the United States District Court for the Eastern District of New York (Weinstein, J.) denying his petitions for writs of habeas corpus from two separate jury trials, in which he was convicted of, inter alia, murder in the second degree, in violation of N.Y. Penal Law § 125.25(1). We assume the parties’ familiarity with the facts, procedural history, and scope of the issues presented on appeal.
We review de novo a district court’s denial of the writ of habeas corpus. Jimenez v. Walker, 458 F.3d 130, 135 (2d Cir.2006). With respect to the Booker murder, we conclude that, regardless of whether there was a violation of state law in denying Young’s request for an accomplice-corroboration instruction, there was no violation of federal law, let alone of any federal constitutional right. See Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442 (1917) (“[Tjhere is no absolute rule of law preventing convictions on the testimony of accomplices if juries believe them.”); United States v. Hamilton, 334 F.3d 170, 179 (2d Cir.2003) (“The testimony of a single accomplice is sufficient to sustain a conviction so long as that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt.” (internal quotation marks omitted)). Accordingly, Young’s habeas claims with respect to the Booker murder must fail.
With respect to the Graham murder, we conclude that Young has demonstrated neither a violation of a federal constitutional right nor ineffectiveness of counsel warranting habeas relief. Improperly admitted evidence can constitute a due process violation where it “is so extremely unfair that its admission violates fundamental conceptions of justice.” Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir.1998) (internal quotation marks omitted). The evidence challenged here, however, was for the most part admissible. To the extent that the challenged evidence was not admissible, Young’s counsel — for sound strategic reasons — did not object and, at times, made use of such evidence in the defense case. We cannot say that this conduct amounted to ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Finally, we note that although the District Court conducted its analysis, in the main, on the assumption that deference applied pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (“AEDPA”), 28 U.S.C. § 2254(d), we would reach the same conclusion even if it did not.
We have reviewed all of Young’s claims and find them meritless. Accordingly, the judgment of the District Court is AFFIRMED.